[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10398
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22178-KMW

ABRAHAM JACKSON MPAKA,

Plaintiff-Appellee,

versus

JACKSON MEMORIAL HOSPITAL,
Carlos Migoya, Director, et al.,

Defendants,

SERGIO ARCEY,
Psychiatrist, Jackson Memorial Hospital,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2020)

Before WILSON, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Pro se plaintiff Abraham Mpaka brings this 42 U.S.C. § 1983 action against Dr. Sergio Arcey. Mr. Mpaka claims that Dr. Arcey acted with deliberate indifference to Mr. Mpaka's serious medical needs in violation of the Fourteenth Amendment. He also claims that Dr. Arcey retaliated against Mr. Mpaka's exercise of protected speech in violation of the First Amendment. The district court denied Dr. Arcey's motion for judgment on the pleadings. We now reverse and remand for further proceedings.

## BACKGROUND

Mr. Mpaka alleges that, while incarcerated in 2012, he became severely depressed and was treated with Wellbutrin, an anti-depressant drug. During 2015 and 2016, doctors tried to treat his depression by prescribing alternative drugs, such as Zoloft and Celexa. But because these drugs caused adverse side effects, including hallucinations and suicidal ideation, the prescriptions were discontinued. Mr. Mpaka resumed taking Wellbutrin in June 2016.

Two years later, Dr. Arcey, a psychiatrist, treated Mr. Mpaka at Metro West Detention Center. Dr. Arcey informed Mr. Mpaka that a U.S. Department of Justice (DOJ) order required all detainees taking Wellbutrin to be switched to Cymbalta. Dr. Arcey presented Mr. Mpaka with a release form to authorize the

2

change in his medication, but Mr. Mpaka refused to sign.  At a consultation a month later, Mr. Mpaka again refused to sign.

Mr. Mpaka's amended complaint outlines his opposition to Cymbalta.  Mr. Mpaka alleges that the Food and Drug Administration has "unequivocal reservations" about Cymbalta because of various negative health effects.  He also cites his past adverse reactions to other anti-depressant drugs that he had taken as substitutes for Wellbutrin.  Mr. Mpaka then claims that Cymbalta would impair his ability to testify in his own defense at trial.  And finally, he alleges that Cymbalta contains ingredients to which he is allergic.

About a month after he rejected Cymbalta for the second time, Mr. Mpaka was scheduled to meet with Dr. Arcey again.  But that meeting was later pushed back about three weeks, leaving Mr. Mpaka without anti-depressant medication for that time.  Mr. Mpaka then placed a request to see Dr. Arcey.  Without seeing Mr. Mpaka, Dr. Arcey increased Mr. Mpaka's dosage for Benadryl but did not renew his anti-depressant medication.

Mr. Mpaka then filed this action.  Eventually, Dr. Arcey moved to dismiss, arguing that Mr. Mpaka failed to state a claim for deliberate indifference or retaliation.  The court denied the motion.  Then, along with his answer, Dr. Arcey filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure

12(c) based on qualified immunity.  The court denied this motion as well.  Dr. Arcey now appeals.

## DISCUSSION

We review the district court's denial of a motion for judgment on the pleadings de novo, accepting the allegations in Mr. Mpaka's complaint as true and viewing them in the light most favorable to him.  *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008).  We apply the same standard to interlocutory appeals from the denial of qualified immunity.  *Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1141–42 (11th Cir. 2017).

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  We "liberally construe[]" pro se pleadings and hold them "to a less stringent standard" than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

"To be entitled to qualified immunity, an official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."  *Mikko*, 857 F.3d at 1143–44 (internal quotation mark omitted).  "If he does that, the burden shifts to the plaintiff to establish (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly

established at the time of the challenged conduct." *Id.* at 1144 (internal quotation mark omitted). Although courts need not address these two prongs in sequential order, both prongs must be met to deny an official qualified immunity. *Roberts v. Spielman*, 643 F.3d 899, 904 (11th Cir. 2011).

It is undisputed that Dr. Arcey acted within the scope of his discretionary authority at the time of the alleged wrongdoing. The burden thus shifts to Mr. Mpaka to satisfy the two-pronged test. We take Mr. Mpaka's deliberate indifference and retaliation claims in turn.

## I.

To establish a deliberate indifference claim, Mr. Mpaka must at least "prove (1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk (3) by conduct that is more than mere negligence." *Dang ex rel. Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017). Medical treatment is constitutionally inadequate "when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (internal quotation mark omitted).

Mr. Mpaka fails the first prong, as nothing in his complaint suggests that Dr. Arcey knew that Mr. Mpaka faced a serious risk of harm. The district court found that "the facts set forth in the Amended Complaint suggest Dr. Arcey was aware of Plaintiff's medication history and disregarded the fact that Cymbalta, the

5

recommended substitute medication for Wellbutrin had not worked or caused Plaintiff to suffer severe adverse reactions." Yet Mr. Mpaka's amended complaint refers to his past adverse reactions only in connection with other anti-depressant medications—not in connection with Cymbalta. And, more importantly, while the amended complaint lists Mr. Mpaka's concerns with Cymbalta, it does not allege that Mr. Mpaka told Dr. Arcey—or that Dr. Arcey had any subjective knowledge—that Mr. Mpaka was allergic to or would be harmed by the drug. So even taking Mr. Mpaka's allegations as true and holding his pro se pleading to a less stringent standard, there is still no basis for concluding that Dr. Arcey had subjective knowledge of Cymbalta posing a risk of serious harm to Mr. Mpaka. Therefore, his complaint fails to sufficiently allege that Dr. Arcey was deliberately indifferent to a serious medical need.

## II.

Turning next to the retaliation claim, the First Amendment prohibits officials from retaliating against prisoners for exercising their right of free speech by filing lawsuits or grievances. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam). To prevail on a retaliation claim, Mr. Mpaka must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship

6

between the retaliatory action . . . and the protected speech." *Id.* (second alteration in original). Once the plaintiff establishes that protected conduct was a motivating factor for the alleged harm, the burden shifts to the defendant to show it would have taken the same action without the protected activity. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013).

Here, even if Mr. Mpaka's speech is constitutionally protected and Dr. Arcey's conduct would have deterred him from engaging in that speech, his complaint fails to establish the required causal connection. Mr. Mpaka's retaliation claim largely hinges on the lapse of his Wellbutrin prescription, as well as the postponement of his appointment with Dr. Arcey that caused a gap in Mr. Mpaka's anti-depression treatment. But Mr. Mpaka's allegations show that the DOJ, rather than Dr. Arcey, decided to discontinue Wellbutrin prescriptions. And it was Mr. Mpaka's refusal to sign the required authorization form that prevented Dr. Arcey from prescribing a substitute medication. Mr. Mpaka's complaint, rather than establishing retaliation on Dr. Arcey's part, shows that Dr. Arcey in fact increased Mr. Mpaka's Benadryl prescription as an alternative treatment after Mr. Mpaka refused to authorize a substitute anti-depressant. Merely labeling Dr. Arcey's action "retaliat[ory]" does not draw a sufficient causal link between Dr.

Arcey's alleged action and the protected speech.  So his complaint fails to sufficiently allege retaliation.[1]  Dr. Arcey is thus entitled to qualified immunity.

**REVERSED** and **REMANDED**.

---

[1] Because we hold that Mr. Mpaka failed to state any constitutional claim, we need not consider the clearly established law prong.  *See Roberts*, 643 F.3d at 904.